**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DERRICK POSS,**                                                                                       **PETITIONER**

**V.**                                                                                                        **NO.1:06CV348-D-D**

**STATE OF MISSISSIPPI,**                                                                     **RESPONDENT**

### OPINION

This cause comes before the court on the petition of Derrick Poss for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He states that he was convicted on May 10, 2004, in the Circuit Court of Lee County, Mississippi, of armed robbery.  He further states that he was sentenced to a term of 20 years, following a plea of guilty.  He additionally says that he has filed a post-conviction petitioner in the state supreme court and court of appeals but has not received a ruling in the matter.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies.  28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982).  More specifically, a petitioner must present his claims to the state

---

[1]  28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

A quick review of the general docket, indicates that Petitioner's case is still pending before the Mississippi Supreme Court. Therefore, he has not exhausted his available state remedies. Consequently, his petition to this court is premature and must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 4th day of January, 2007.

/s/ Glen H. Davidson
Chief Judge